IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SCOTT L. BALLERING, | ) | Civil No. 20-00527 HG-KJM |
| | ) | |
| Plaintiff, | ) | AMENDED FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS THE |
| vs. | ) | COMPLAINT AND DENY |
| | ) | PLAINTIFF'S APPLICATION TO |
| MORGAN STANLEY LLC, ET AL., | ) | PROCEED IN DISTRICT COURT |
| | ) | WITHOUT PREPAYING FEES OR |
| Defendants. | ) | COSTS |
| _____ | ) | |

AMENDED FINDINGS AND RECOMMENDATION TO DISMISS
THE COMPLAINT AND DENY
PLAINTIFF'S APPLICATION TO PROCEED IN
DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On December 2, 2020, Plaintiff Scott L. Ballering ("Plaintiff"), proceeding *pro se*, filed a Complaint against Defendant Morgan Stanley LLC, various subsidiaries, and various Morgan Stanley executives, directors, board members, and employees (collectively, "Defendants"). ECF No. 1. On December 4, 2020, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). ECF No. 5. On December 14, 2020, Plaintiff filed an Amended Complaint. ECF No. 8. On December 30, 2020, Plaintiff filed a Second Amended Complaint. ECF No. 10. Plaintiff's Second Amended Complaint is stricken because it was filed without leave of the Court. *See* Fed. R. Civ. P. 15(a)(1)(A). The Court elects to decide this matter without a hearing pursuant to

Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

For the reasons set forth below, the Court FINDS AND RECOMMENDS that the District Court DISMISS the Complaint. The Court also RECOMMENDS that the District Court DENY Plaintiff's IFP Application.

## DISCUSSION

Pursuant to 28 U.S.C. § 1391, a civil action may be filed in a judicial district in which any defendant resides or in a judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(1)-(2). If there is no district in which an action may otherwise be brought, an action can be filed in any judicial district in which any defendant is subject to personal jurisdiction. *See id.* § 1391(b)(3).

The Amended Complaint does not set forth specific causes of action, but, construed liberally, the Complaint appears to assert fraud and wrongful foreclosure claims against Defendants based on Defendants' dealings with Plaintiff's assets. *See* ECF No. 8 at 8-9. The Amended Complaint alleges that Plaintiff is a resident of Washington. ECF No. 8 at 2. The Amended Complaint lists the name and address of each of twenty-four named Defendants, but it does not allege that any Defendant resides in Hawaii. *Id.* at 2-6. In addition, the Amended Complaint asserts

2

no allegations indicating where a substantial part of the events giving rise to Plaintiff's claims occurred, much less that such events took place in Hawaii. *See* ECF No. 8. Nor does the Amended Complaint contain allegations indicating that Defendants may be subject to personal jurisdiction in Hawaii. *See id.*

Accordingly, the Court finds that the Amended Complaint does not allege sufficient facts to determine that the United States District Court for the District of Hawaii is the proper venue for Plaintiff's Complaint.

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal. *See, e.g.*, *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Based on the information in Plaintiff's Amended Complaint, it does not appear that Plaintiff would be time-barred from refiling this action in another venue, nor is it clear which district is the proper venue. Thus, in these circumstances, the Court finds that it is not in the interest of justice to transfer this action. Accordingly, the Court recommends that the District Court dismiss the Amended Complaint for improper venue.

3

In light of the Court's finding that venue has not been established in this district, the Court recommends that the District Court deny Plaintiff's IFP Application.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the District Court DISMISS the Amended Complaint and DENY Plaintiff's IFP Application.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 4, 2021.

Kenneth J. Mansfield
United States Magistrate Judge

*Ballering v. Morgan Stanley, LLC, et al.*, Civil No. 20-00527 HG-KJM; Amended Findings and Recommendation to Dismiss the Complaint and Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs